# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CATHERINE J. DIDDLE                                               PLAINTIFF

V.                          NO. 3:10CV00252 SWW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and one copy of the objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

## **RECOMMENDED DISPOSITION**

### I. Introduction

Pending before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Docket entry #12). Defendant has filed a Response (docket entry #13), to which Plaintiff has filed a Reply. (Docket entry #14). United States District Judge Susan Webber Wright has referred Plaintiff's Motion to this Court for recommended disposition. (Docket entry #15).

On October 15, 2010, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying her social security benefits. (Docket entry #1). On January 28, 2011, Plaintiff filed her Appeal Brief. (Docket entry #8). On March 9, 2011, the Commissioner filed an Unopposed Motion requesting reversal of the ALJ's decision and a remand for further administrative action. (Docket entry #9). On March 31, 2011, the Court entered an Order and Judgment (docket entries #16 and #17) that reversed and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On June 21, 2011, Plaintiff's attorney, Mr. Robert Patrick Young, filed a Motion for Attorney's Fees Pursuant to the EAJA. (Docket entry #12). He seeks payment for: (1) 25.75 hours of work performed by him at the adjusted hourly rate of $180.56 ($4,649.42), (2) $367.13 as "costs" under 28 U.S.C. § 2412(a); and (3) $80.86 as

"expenses" under 28 U.S.C. § 2412(b). (Docket entries #12 and #14). The Commissioner objects to Plaintiff's requested hourly rate. (Docket entry #13).

For the reasons set forth below, the Court recommends that the Motion be granted, in part, and denied, in part.

## II. Discussion

The Commissioner does not dispute that Plaintiff's counsel is entitled to an award of attorney's fees and costs under the EAJA, and does not dispute the number of hours of time that he has submitted. However, the Commissioner argues that the requested $180.56 hourly rate is too high.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Eighth Circuit has recognized the Consumer Price Index ("CPI") as "proper proof" of the increased cost of living since the EAJA's enactment.[1] *See Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990).

Courts typically apply a cost of living increase by calculating a ratio using a denominator set by the CPI in March of 1996 (155.7), when the EAJA was amended to establish the $125 hourly rate, and a numerator of the CPI when the attorney work

---

[1]The Department of Labor publishes CPI data at http://www.bls.gov/data/.

was performed. This ratio is then multiplied with the statutory $125 hourly rate to arrive at the adjusted hourly rate.

In this case, Plaintiff's counsel has calculated his adjusted hourly rate as follows:

(224.906 [April 2011 CPI] / 155.7 [March 1996 CPI]) X 125 = 180.56

He does not explain why he uses the April 2011 CPI, but it appears he chose that time because this case was remanded on March 31, 2011.[2]

The Commissioner objects to Plaintiff's $180.56 adjusted hourly rate, arguing "that a more appropriate fee is $175.00 per hour for attorney work." (Docket entry #13 at 2). He contends that a $175 adjusted hourly rate would promote consistency in the Eastern District of Arkansas, citing a June 24, 2011 award in *Girard v. Astrue*, E.D. Ark. No. 3:10CV00227 JTK, which used a $175.00 adjusted hourly rate.

Two factors distinguish this case from *Girard*. First, this case involves work spread out over two years, 2010 and 2011. Second, the plaintiff's attorney in *Girard*,

---

[2]Courts have utilized different approaches in selecting when to apply the adjusted CPI. *See Barge v. Commissioner*, 2010 WL 785375 (S.D. Ohio 2010) (applying the average yearly CPI in effect for the time period in which the attorney work was performed); *Butler v. Commissioner*, 2010 WL 6560747 (N.D. Ohio 2010) (applying the CPI in effect when the complaint is filed); *Zanon v. Commissioner*, 2010 WL 1524143 (E.D. Mich. 2010) (applying the CPI in effect when the case is remanded to the ALJ); *Byrd v. Astrue*, 2010 WL 190953 (S.D. Ala. 2010) (applying the CPI in effect at the "temporal midpoint" between the filing of the complaint and the entry of the order of remand).

Anthony Bartels, has entered into an agreement with the Social Security Administration's Office of General Counsel, whereby they have agreed to a maximum hourly EAJA rate computed with the *mid-year June CPI* for the work in question. *See Girard*, E.D. Ark. No. 3:10CV00227 JTK at docket entry #22-1 at pp. 1-2. Pursuant to that agreement, plaintiff's attorney's request in *Girard* was calculated with a ratio using the June 2010 CPI (217.965). *See Girard*, E.D. Ark. No. 3:10CV00227 JTK at docket entry #22 p. 9. This resulted in a $174.99 hourly rate, which the parties rounded to $175. *Id.*

In this case, the Court concludes that *the average yearly CPI* should be applied. For 2010, the annual average CPI was 218.056. For 2011, from January through March when Plaintiff's counsel performed his work, the CPI averaged 221.666. Applying the resulting ratios generates adjusted hourly rates as follows:

(218.056 [2010 annual average CPI] / 155.7 [March 1996 CPI]) X 125 = 175.06 (for 2010 work)

(221.666 [Jan.-Mar. 2011 avg. CPI] / 155.7 [March 1996 CPI]) X 125 = 177.96 (for 2011 work)

Thus, the Court recommends that Plaintiff be awarded attorney's fees as follows: (1) $1,663.07 for 9.5 hours of work performed in 2010 (9.5 X 175.06); and (2) $2,891.85 for 16.25 hours of work performed in 2011 (16.25 X 177).

5

### III. Conclusion

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA (docket entry #12) be GRANTED, IN PART, and DENIED, IN PART.

IT IS FURTHER RECOMMENDED that Plaintiff be awarded $4,554.92 in attorney's fees, $367.13 in costs, and $80.86 in expenses under the EAJA.

DATED this 27th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE